THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JARRET HOGUE AND GELYN GAMBITO,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC COMPOSITES, INC. dba SHIPRIGHT! and BOATSHOP, AMANDA YOUNG, CHRISTOPHEAR YOUNG, MOYLAN'S INSURANCE UNDERWRITERS, and, in her personal capacity, JOANNALYN FULLERTON,<br><br>Defendants. | CIVIL CASE NO. 16-00041<br><br>**DECISION AND ORDER GRANTING DEFENDANT JOANNALYN FULLERTON'S MOTION TO DISMISS** |

Before the court is Defendant Joannalyn Fullerton's Motion to Dismiss (ECF No. 8). After reviewing the parties' submissions, and relevant caselaw and authority, the court hereby **GRANTS** Fullerton's Motion to Dismiss for the reasons stated herein.[1]

//

//

---

[1] This matter was referred to Magistrate Judge Manibusan on August 15, 2016. The referral with respect to ECF No. 8 is now moot.

## I. BACKGROUND

On May 9, 2016, Plaintiffs Jarret Hogue and Gelyne Gambito filed a Complaint against Pacific Composites, Inc., d.b.a. Shipright! and Boatshop, Amanda Young, Christophear Young, Moylan's Insurance Underwriters, Inc., and Joannalynn Fullerton ("Fullerton"). Compl., ECF No. 1. The Complaint stems from allegations of employment discrimination and retaliation, and includes a claim for Intentional Infliction of Emotional Distress against Fullerton in her personal capacity. Compl., ECF No. 1.

Fullerton filed a motion to dismiss which contends that Plaintiffs' Complaint against her fails under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) due the doctrine of "judicial immunity" and lack of subject matter jurisdiction. Mot. Dismiss 1, ECF No. 8. She also argues that Plaintiffs' Intentional Infliction of Emotional Distress cause of action fails to state a claim under FRCP 12(b)(6). Mot. Dismiss 1, ECF No. 8. In response, Plaintiffs filed an "Opposition" for the purpose of "present[ing] evidence to counter . . . Fullerton's assertion of facts within her Motion to Dismiss . . . [but] otherwise withdraw their Complaint against Fullerton." Opp'n 1, ECF. No. 26.[2] Despite this assertion, Plaintiffs have not filed a formal dismissal. Thus, the court will treat the motion unopposed although ECF No. 26 is stylized as an "Opposition."

## II. DISCUSSION

A court has the inherent power to dismiss a case for lack of prosecution. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Before granting an unopposed motion to dismiss, the court must consider the following factors: "(1) the public's interest in expeditious resolution of

---

[2] Attached to Plaintiff's Opposition is a Declaration by Plaintiff's counsel, and email between Plaintiffs' counsel and Guam Department of Labor Director Maria Connelly, and a Declaration of Curtis Ladd Bell. Opp'n Decl. Bell; Exs. 1-2, ECF 26. These Declarations and Exhibits purport to counter Fullerton's Declaration accompanying her Motion to Dismiss stating that she was "told not to accept for filing a GWC 201 that was not accompanied by a GWC 202." Opp'n Decl. Bell; Exs. 1-2, ECF No. 26; Decl. Fullerton ISO Opp'n, ECF No. 9. The Opposition counters that Fullerton was "specifically instructed by her supervisor . . . to accept the GWC-201 under such circumstances." Opp'n Decl. Bell; Exs. 1-2, ECF No. 26.

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *Edmund v. Guam & Guam, Inc.*, No. CV 15-00029, 2016 WL 1573445, at *2 (D. Guam Apr. 19, 2016). A district court is not required to examine the merits of an unopposed motion to dismiss before it is granted. *See Ghazali*, 46 F.3d at 54 (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before granting it pursuant to a local rule). Furthermore, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Id.* (citation omitted). Civil Local Rule 7 expressly provides that "an opposition must be served and filed within twenty-one (21) days of the filing of the motion." CVLR 7(f) (2015).

After reviewing the record, the court finds that the first, second, and third factors weigh in favor of dismissal. As to the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Regarding the second factor, great deference is given to a district court judge with respect to the imposition of sanctions such as dismissal because that judge is "in a superior position to evaluate the effects of delay on her docket." *See id.* at 991 (citations omitted). Granting the unopposed motion to dismiss will benefit this court's ability to manage its docket. Thus, the first two factors favor dismissal.

With respect to the third factor, "litigation is better conducted when the dispute is fresh" because unnecessary delay inherently risks prejudice to the Defendant because there is a risk that memories will fade or evidence will become stale. *See Sibron v. New York*, 392 U.S. 40, 57 (1968). Plaintiffs express their intention to withdraw the "Opposition." Opp'n 1, ECF No. 26.

3

Local Rule 7(f) required Plaintiffs to file an opposition no later than twenty-one days after July 1, 2016. *See* CVLR 7; *see also* Mot. Dismiss, ECF No. 8. The "Opposition" was untimely for CVLR 7 purposes because it was not filed until July 25, 2016. *See* Opp'n, ECF No. 26. Furthermore, Fullerton should not be forced to continue litigating against the Plaintiffs on a claim that the Plaintiffs have expressly abandoned. Thus, the third factor favors dismissal.

Although the fourth factor favors disposition of cases on their merits, this policy is insufficient to overcome the first three factors that weigh in favor of dismissal. Additionally, even though dismissing Plaintiffs' claim against Fullerton is a harsh measure, Plaintiffs expressed their desire to withdraw these claims. Thus, less harsh sanctions need not be considered. Accordingly, the court finds that the majority of factors favor dismissal of Plaintiffs' claims against Fullerton.

### III. CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Fullerton's Motion to Dismiss. Plaintiffs' claims against her are hereby dismissed with prejudice.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Sep 13, 2016**