DISTRICT COURT OF GUAM

| | |
|---|---|
| JARRET HOGUE and GELYNE GAMBITO,<br><br>Plaintiffs,<br><br>vs.<br><br>PACIFIC COMPOSITES, INC. d.b.a. SHIPRIGHT! AND BOATSHOP, *et al.*,<br><br>Defendants. | CIVIL CASE NO. 16-00041<br><br>**ORDER**<br>Granting Motion to Compel Complete Discovery Responses (ECF No. 148) |

Having reviewed the Plaintiff's Motion to Compel Complete Discovery Responses and for Sanctions and an Injunction for Preservation of Assets (the "Motion to Compel"), *see* ECF No. 148, without objection from Defendant Pacific Composites, Inc. ("PCI"), and for good cause shown, the court grants the Motion to Compel and orders PCI to provide complete responses to the Plaintiffs' Second Set of Interrogatories to PCI and to produce documents as requested in the Plaintiffs' Second Request for Production of Documents no later than 30 days from the date of service of this Order upon it. The court further orders PCI to preserve any assets that belongs to the corporation.

Finally, before the court rules on the Plaintiffs' request for sanctions, the court must consider whether the "the opposing party's nondisclosure, response, or objection was substantially justified" or whether "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii) and (iii). The Plaintiffs' motion appears to suggest that Mr. Young "was feeling under the weather" when service of the discovery requests were propounded. Mot. Compel at 2, ECF No. 148. Accordingly, the court orders PCI's owners to file a statement or affidavit no later than November 30, 2021, if PCI believes that its nondisclosure and non-response was substantially justified or if there are other circumstances that would make an award of expenses unjust.

///

The court further sets this matter for a status hearing on Thursday, December 16, 2021, at 9:00 a.m. and orders PCI to appear for said hearing.[1]

IT IS SO ORDERED.



/s/ Michael J. Bordallo
U.S. Magistrate Judge
Dated: Sep 28, 2021

---

[1] "It is a longstanding rule that '[c]orporations and other unincorporated associations must appear in court through an attorney.'" *D-Beam Ltd. P'ship v. Roller Derby Skates*, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004)(*quoting Licht v. Am. W. Airlines (In re Am. W. Airlines)*, 40 F.3d 1058, 1059 (9th Cir. 1994)). *See* GNLR 20.1 ("A corporation may not appear *pro se* in a case in this Court."). The court notes that no attorney has made an appearance for PCI since the court granted the motion to withdraw of its former counsel (Georgette Bello Concepcion).